UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BOYLE,<br><br>                Petitioner,<br><br>v.<br><br>SCOTT KERNAN, Secretary,<br><br>                Respondent. | Case No.: 16cv469 DMS (PCL)<br><br>**REPORT AND RECOMMENDATION DENYING PETITIONER'S MOTION FOR STAY [Doc. 2]** |

## I. INTRODUCTION

Petitioner Stephen Boyle ("Petitioner"), a state prisoner proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus on February 19, 2016. (Doc. 1.) On the same day, Petitioner filed this Motion to Stay federal proceedings. (Doc. 2.) Petitioner filed a brief for his motion on April 18, 2016. (Doc. 6.) Scott Kernan, Secretary of the California Department of Corrections and Rehabilitation, and Attorney General Kamala Harris ("Respondents") filed a response in opposition to the Motion to Stay on June 8, 2016. (Doc. 10.) Plaintiff replied on July 8, 2016. (Doc. 15.)

The Honorable Dana M. Sabraw has referred the matter to the undersigned Judge for Report and Recommendation pursuant to 29 U.S.C. §63(b)(1)(B) and Local Civil Rule

72.1(c)(1)(d). After a thorough review of the pleadings and supporting documents, this Court recommends the Motion to Stay be **DENIED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

On November 1, 2012, in the Superior Court of California, County of San Diego, a jury convicted Petitioner of three counts of forcible oral copulation and one count each of assault with intent to commit a specific felony, rape by a foreign object with force, and forcible rape. (Doc. 2 at 3.) On January 22, 2013, Petitioner was sentenced to an aggregate term of 263 years to life in prison. (Id.)

Petitioner appealed the convictions raising a Brady violation and a joinder/severance issue as grounds for the appeal. (Doc. 1 at 2.) The conviction was affirmed by Division One of the California Court of Appeal, Fourth Appellate District, on September 17, 2014. (Id.) Petitioner then petitioned the California Supreme Court for review on the same grounds, which was denied in November 25, 2014. (Id.) Petitioner filed for collateral review in state court on January 26, 2016, which is still pending. (Id. at 3.) Petitioner's collateral review appeal again asserts the Brady violation and the joinder/severance issue, and adds both prosecutorial misconduct and ineffective assistance of counsel claims. (Id.) Additionally, Petitioner motioned for post-conviction DNA testing, which was granted on July 15, 2015.

## III. LEGAL STANDARD

A federal court may not consider a petition for habeas corpus unless the petitioner first has presented his claims to the state courts, thereby "exhausting" them. 28 U.S.C.S. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 522 (1982). The exhaustion requirement is founded on federal-state comity, as only when the state court has been presented with the claim may it "pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quotes and citations omitted).

---

[1] Lodgments have not been filed in support of Petitioner's writ of habeas corpus.

Thus, exhaustion of a habeas petitioner's federal claims requires that they have been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review. Baldwin v. Reese, 541 U.S. 27, 29 (2004). In California, this generally entails direct or collateral presentation to both the lower courts of appeal and the state supreme court, though presentation to the state supreme court alone may suffice. Reiger v. Christensen, 789 F.2d 1425, 1427 (9th Cir. 1986); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the court within the one-year period are forfeited. 28 U.S.C. § 2244(d). Generally a court will not consider a petition that contains or seeks to present both exhausted and unexhausted claims, commonly referred to as a "mixed" petition. Rose, 455 U.S. at 522. If a petitioner presents a mixed petition, the petitioner may seek to stay the exhausted claims while he pursues the unexhausted claims in state court. Rhines, 544 U.S. at 278.

Under Rhines, a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present the unexhausted claims. Id. at 276. This stay and abeyance is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Id. at 277-78.

"An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). The Supreme Court, however, did not define the good cause standard in Rhines. In the Ninth Circuit good cause is, without further clarification, a standard less stringent than the "extraordinary circumstances" standard for equitable tolling of the statute of limitations. See Jackson v. Roe, 425 F.3d 654, 656 (9th Cir. 2005). District courts within the Ninth Circuit have more narrowly defined the standard. Some have

required the showing of "some objective factor external to the petitioner" that prevented timely exhaustion. Hernandez v. Sullivan, 397 F. Supp.2d 1205, 1207 (C.D. Cal. 2005). Others have held that the Rhines good cause standard "requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, by circumstances over which he had no control, such as actions by counsel, either in contravention of the petitioner's clearly expressed desire to raise the claim, or when petitioner had no knowledge of the claim's existence." Riner v. Crawford, 415 F. Supp. 2d 1207, 1211 (D. Nev. 2006).

The paramount concern in considering a motion to stay is adherence to the AEDPA's twin objectives of encouraging petitioners to "seek relief from state courts in the first instance" and "reduc[ing] delays in the execution of state and federal criminal sentences." Rhines, 544 U.S. at 276; Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008). An interpretation of good cause that allows for routine mixed petitions undermines the express goals of the AEDPA. (Id.)

## IV. DISCUSSION

In support of a stay and abeyance, Petitioner cites delay in his motion for DNA testing and confusion about and subsequent delay in obtaining appointed counsel to help him interpret those results. In opposition, Respondent argues Petitioner has neither shown good cause or that his claims are potentially meritorious.

The bulk of Petitioner's brief in support of a stay and abeyance is spent arguing the merit of his claims. Petitioner is not entitled to a stay, however, because he has not demonstrated good cause for his failure to exhaust under either of the above standards.

The California Supreme Court denied Petitioner's petition for review on November 25, 2014. Petitioner did not begin to exhaust the unexhausted claims in state court until January 26, 2016 or file his federal habeas corpus petition until February 19, 2016, over a year after his conviction became final. Petitioner explains that the delay in exhausting his claims is due to the delay in submitting his pro se motion for post-conviction DNA testing and the pending results of that testing. What is absent from Petitioner's argument, however,

is any explanation as to how this motion for DNA testing and the results were a prerequisite to pursuing Petitioner's unexhausted claims of prosecutorial misconduct or ineffective assistance of counsel.

Additionally, Petitioner fails to explain the roughly six month gap between the DNA testing motion being granted and filing a pro se federal writ of habeas corpus. If the fact that Petitioner had not yet received the results of the DNA testing did not preclude him from filing for collateral review in the state court, the same lack of preclusion exists for his federal habeas petition.

These facts do not rise to the level of "good cause" under any standard enunciated by the Ninth Circuit. Petitioner is not entitled to counsel on collateral review and there is no constitutional right to counsel in federal habeas corpus proceedings. See McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). To allow the argument that a delayed motion for DNA testing or appointment of counsel satisfactorily establishes good cause for a stay could encourage the tactic as a routine method to stall federal habeas petitions rather than timely pursuing all state court claims.

Respondent contends that this case does not fall within the limited circumstances set forth in Rhines, as the Petitioner has not demonstrated good cause for not previously exhausting the claims he now seeks to exhaust at this late juncture. The Court agrees. Because Petitioner fails to show good cause for his failure to exhaust his claims, the Court need not consider whether his arguments are plainly meritless or whether Petitioner engaged in intentionally dilatory litigation tactics.

## V. CONCLUSION

For the foregoing reasons, the court finds the stay and abeyance procedure inappropriate and **RECOMMENDS** that Petitioner's motion to stay be **DENIED**.

**IT IS ORDERED** that no later than August 25, 2016, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

1  **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with
2  the Court and served on all parties no later than September 8, 2016. The parties are advised
3  that failure to file objections within the specified time may waive the right to raise those
4  objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th
5  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

7  IT IS SO ORDERED.

9  Dated:  August 11, 2016

Hon. Peter C. Lewis
United States Magistrate Judge