# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BOYLE,<br><br>               Plaintiff,<br><br>   v.<br><br>KAMALA HARRIS, *et al.*,<br><br>               Defendants. | Case No. 16-cv-00469-BAS-PCL<br><br>**ORDER:**<br><br>**(1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 76);**<br><br>**(2) ADOPTING REPORT AND RECOMMENDATION (ECF No. 67);**<br><br>**(3) DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 29);**<br><br>**(4) GRANTING MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL DOCUMENTS (ECF Nos. 84, 86);**<br><br>**(5) DENYING MOTION FOR ORDER TO SUBSTITUTE MAGISTRATE JUDGE (ECF No. 74); AND**<br><br>**(6) DENYING MOTION FOR EVIDENTIARY HEARING (ECF No. 78)** |

## I. BACKGROUND

### a. Petition

Petitioner is a state prisoner incarcerated at the Centinela State Prison. (*See* First Amended Petition ("FAP"), ECF No. 29) He was convicted of multiple charges relating to two separate incidences of rape involving two different women (Rachel O. and Ashley H.) and was sentenced to 263 years in prison. (Report & Recommendation ("R&R"), ECF No. 67 at 6.) In his petition for writ of habea corpus, "Petitioner claims a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) ('Brady'), various instances of prosecutorial misconduct, ineffective assistance of appellate counsel, ineffective assistance of trial counsel, and an error by the trial court denying Petitioner's motion to sever the charges according to the victims denied Petitioner his right to a fair trial." (*Id.* (citing to the petition and first amended petition).)

On February 16, 2016, after first filing a writ of habeas corpus in state court, Petitioner filed a petition for writ of habeas corpus in this Court. (ECF No. 1.) After failing to seek a stay of this petition in this Court, the Superior Court denied Petitioner's writ twice, and the Court of Appeal subsequently denied his petition as untimely, but also noted that it lacked merit or was not appropriate for the relief he sought. (*Id.* at 8.) Petitioner then filed a petition with the California Supreme Court, raising the majority of the claims raised in this action, which it denied on February 22, 2017. (*Id.* at 8-9.) On March 2, 2017, Petitioner filed a FAP in this Court. (ECF No. 29.) Respondent filed an answer, and after retaining counsel, Petitioner filed his traverse. (R&R at 10.)

### b. Report and Recommendation

On December 8, 2017, Magistrate Judge Peter C. Lewis issued an R&R on Respondent's motion. (ECF No. 67.) In the forty-three page R&R, Judge Lewis addressed each of Petitioner's five arguments in turn. He found that (1) there was no *Brady* violation because, even if defense counsel impeached Rachel O.'s testimony, the outcome would have remained the same; (2) Petitioner's prosecutorial misconduct claims are procedurally

barred; (3) "[t]he failure to raise a meritless legal argument does not constitute ineffective assistance of counsel" (quoting *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982)); (4) Petitioner's ineffective assistance of counsel claim failed because Petitioner failed to show he was prejudiced by his defense counsel's choices; and (5) without a showing that he suffered any undue prejudice as a result of consolidating the charges, the trial court's decision not to sever an additional incidence of rape was not fundamentally unfair.

After receiving extensions of time to file objections to the R&R, and substituting his attorney, Petitioner now objects to the R&R. (ECF No. 76.)

## II. LEGAL STANDARD

### a. Scope of Review

The Court reviews *de novo* those portions of a magistrate judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute [28 U.S.C. § 636(b)(1)(c)] makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge). "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same

3

effect as a failure to object." *Alcantara v. McEwen*, No. 12-cv-401-IEG, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (citing cases). In the absence of specific objection, the clear weight of authority indicates that the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *See, e.g.*, Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. United States Dist. Court*, 501 F.3d 196, 206 (9th Cir. 1974)).

### b. Federal Habeas Corpus

A federal court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of state court only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The federal court is deferential to the state court and does not "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see Park v. California*, 202 F.3d 1146, 1149-50 (9th Cir. 2000) ("[A] violation of state law standing alone is not cognizable in federal court on habeas.").

The question for the federal court is not whether the state court was wrong, but rather whether the state court's decision violates clearly established federal law. When a petition falls under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition must show that a state court's decision either (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Early v. Packer*, 537 U.S. 3, 8 (2002) (citing 28 U.S.C. § 2254(d)). This results in the federal court applying an extraordinary deferential review of the state's court decision. *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v.*

*Hornung*, 386 F.3d 872, 877(9th Cir. 2004). Thus, the inquiry is whether the state court was objectively unreasonable.

## II. ANALYSIS

Petitioner lodges a series of objections to the R&R. These objections include: (1) Magistrate Judge Lewis restated false evidence; (2) the mistrial request should have been granted because of a *Brady* violation; (3) various witnesses perjured themselves; and (4) counsel was ineffective.

### a. False Evidence

Petitioner first states that Judge Lewis included "false evidence" in the R&R and is "mislead[ing] the Court into believing the physical evidence is more than it is." (Objections to the R&R ("Obj."), ECF No. 76 at 1.) The facts at issue are that "[a]t the hospital, Rachel learned that she had vaginal bleeding and that there was gravel embedded in her arms." (*Id.*) Petitioner alleges that Judge Lewis erred in including these facts because he allegedly lifted these facts from Respondent's briefing. However, both the R&R and Respondent's briefing quote verbatim the factual findings from the California Court of Appeal opinion, which included these facts. (R&R at 2, 4; ECF No. 39-1 at 1, 3.) As stated in the R&R, "[t]his Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence." (*Id.* at 2 (citing 28 U.S.C. § 2254(e)(1) and *Summer v. Mata*, 449 U.S. 539, 550 (1981)).) Though Petitioner argues that there is no evidence supporting these facts, Petitioner has failed to provide clear and convincing evidence that these facts are false. (Obj. at 1.) Petitioner fails to provide contradicting testimony, medical records lacking these findings, or any other evidence showing the Court that the Court of Appeal's findings were clearly false.

### b. *Brady* Violations

Under *Brady v. Maryland*, 373 U.S. 83 (1963), Petitioner argues that he is entitled to a new trial because the prosecution should have turned over toxicology results of Rachel

5

O.'s blood before trial.[1] (Obj. at 1-2, 6.) And because the prosecution produced these testing results, which showed the presence of narcotics in Rachel O.'s blood, after the jury reached a verdict, Petitioner was deprived of a fair trial. (*Id.*) Furthermore, the delay in producing the toxicology results affected the testimony of Ola Bawardi because he testified no such tests of Rachel O.'s blood existed. (R&R at 14.) Petitioner argues that Judge Lewis misinterpreted the mistrial allegation and did not properly consider that, in light of the blood samples tested after trial, Bawardi perjured himself at trial by stating no such tests were taken. (*Id.*; *see also* R&R at 20-21.) The Court disagrees. Judge Lewis reasoned that, even if there was a *Brady* violation, Petitioner failed to show he was materially prejudiced by the post-trial toxicology report of Rachel O.'s blood showing the presence of narcotics. (R&R at 20-21.) In order to be successful on this issue, Petitioner must show that the jury, presented with this information, would have found that Rachel O. was lying about "a series of forcible sex offenses against her at knifepoint" by Petitioner. (R&R at 21.) The Court agrees with Judge Lewis, and the Court of Appeal, that this result is unlikely in light of the considerable, credible evidence against Petitioner. This evidence included, as Judge Lewis listed, "Petitioner's aggressive behavior and his angry display of a knife during the Saturday afternoon of the overnighter, physical and eyewitness evidence demonstrating sexual contact between Petitioner and Rachel O., Rachel O.'s injuries, Rachel O.'s immediate disclosure of the offenses, propensity evidence of Petitioner's commission of other sexual offenses, and Petitioner's flight and arrest at the international border." (*Id.* at 21.) Thus, even with the toxicology reports showing narcotics in Rachel O.'s system and impeachment of (or absence of) Bawardi's testimony, there is not a reasonable probability that the jury would have reached a different result.

---

[1] The testing of Rachel O.'s urine was presented at trial, and it was used to show that her blood alcohol concentration on the night of the incident was 0.00%. (R&R at 13 n.4.)

6

### c. Witness Credibility

Petitioner makes several arguments related to Rachel O.'s credibility. Petitioner argues that certain evidence could have shown that Rachel O. had taken "opiates and other drugs mixed with alcohol" that affected her memory and that she simply lied in court. (Obj. at 2-3, 5.) Petitioner also raises that he received ineffective assistance of counsel when the scrapings under Rachel O.'s fingernails were not tested, potentially providing evidence to contradict her testimony. (*Id.* at 7-8.) Petitioner further states that because of this, Judge Lewis assessed Rachel O.'s credibility "in the wrong context" and contradicted himself.[2] (*Id.* at 2-5; *see also* R&R at 35.) As an initial matter, Petitioner's claim is not a valid ground for federal habeas relief. *See* 28 U.S.C. § 2254(a). Nonetheless, the Court disagrees with Petitioner. The Court finds that, similar to above, Petitioner has failed to show that evidence relating to Rachel O.'s credibility would have materially prejudiced Petitioner and led to a different verdict. Thus, even with information relating to the presence of narcotics in her system or her own DNA under her fingernails, there is not a reasonable probability that the jury would have reached a different result. Moreover, Petitioner's allegations that Rachel O. simply lied in court was addressed at trial through his defense counsel's cross examination of Rachel O.[3] Additionally, Petitioner argues that Kevin O. perjured himself

---

[2] Petitioner misinterprets Judge Lewis's reasoning to claim he contradicted himself. Petitioner states that Judge Lewis found both that Rachel O.'s credibility did not matter greatly to her case as well as stating that "Rachel O.'s case did depend heavily upon her credibility." (Obj. at (quoting R&R at 35).) But this is not so. Judge Lewis's full statement was: "Although Rachel O.'s case did depend heavily upon her credibility, merely presenting these scrapings and the potential that Rachel O.'s scratches were self-inflicted would not likely have changed the verdict." What Judge Lewis found, and the Court agrees with, is that the combination of the toxicology reports and the potential DNA findings under Rachel O.'s fingernails would not have likely changed the verdict in light of the overwhelming additional evidence. As stated above, this evidence included other credible testimony and physical evidence corroborating the relevant parts of Rachel O.'s testimony relating to the forcible sexual offenses committed by Petitioner. (*See* R&R at 21, 34.)

[3] To the extent that Petitioner now asserts additional ineffective assistance of counsel allegations, Petitioner fails to provide any showing that his counsel's cross examination

7

(Obj. at 5), but again, Petitioner fails to show prejudice, especially given that the jury could have assessed Kevin O.'s credibility along with other evidence presented at trial.

### d. Ineffective Assistance of Counsel

For a successful claim of ineffective assistance of counsel, a party must show that (1) his or her trial counsel's assistance was deficient and (2) that counsel's ineffectiveness prejudiced his or her defense. *Strickland v. Washington*, 466 U.S. 668 (1984). A trial counsel's performance is deficient only when he or she has "made errors so serious . . . that counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms. *Id.* at 687-88. When assessing a trial counsel's performance, it is strongly presumed that counsel has provided adequate assistance and rendered decisions based on reasonable professional judgment. *Id.* at 690; *Hensley v. Crist*, 67 F.3d 181, 184 (9th Cir. 1995) ("Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation."). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review of highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Additionally, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

First, Petitioner argues that Judge Lewis was incorrect in finding that his trial counsel's failure to subpoena Shannon Lemoureux, an out-of-state alibi witness, was a strategic decision. (Obj. at 7; *see also* R&R at 35-36.) Petitioner raises for the first time in

---

fell below the prevailing professional norms. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (stating that to establish ineffectivenesss of counsel, Petitioner must show "counsel made errors so serious . . . that counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms").

8

his Objections that his trial counsel told him that subpoenaing Lemoureux was too costly. Petitioner further argues that, even if it failing to subpoena Lemoureux was a strategic decision, it amounted to ineffective assistance because the alibi testimony was still valuable. (Obj. at 7.) Despite Petitioner raising for the first time that his counsel's decision not to call a witness was due to cost concerns, Petitioner still fails to make the requisite showing that Lemoureux would have testified if subpoenaed. *See United States v. Harden*, 846 F.2d 1229, 1231-32 (9th Cir. 1988) (requiring a showing that a witness would testify to prove ineffective assistance of counsel). Without making that showing, the Court finds that Petitioner's ineffective assistance of counsel claim fails.

Second, Petitioner argues that he received ineffective assistance when his counsel did not choose to test the DNA under Rachel O.'s fingernails. (Obj. at 8.) Petitioner claims that this could have shown that her own DNA was under her nails, and thus showing that the scratches appearing on her arms were self-inflicted rather caused by Petitioner. (*Id.*) The Court also agrees with Judge Lewis that Petitioner has failed to show that his defense counsel's decision falls under prevailing professional norms. *See Strickland*, 466 U.S. at 687-88. Petitioner's counsel could have reasonably believed that testing such evidence would have led to more credible evidence against his client.

Third, Petition restates his ineffective assistance of counsel claim as to his appellate counsel because Petitioner alleges his appellate counsel failed to raise a prosecutorial misconduct claim, which, if granted, would have led to a different result. (Obj. at 8-9.) However, Petitioner still falls short of showing that his claim is not procedurally barred. (*See* R&R at 27-28.) Even if Petitioner's counsel now "accepts [Petitioner's] representation" that he "should have raised" the Bawardi perjury issue on appeal (Obj. at Ex. 1), Petitioner does not show that Bawardi's false testimony was material, and thus amounts to constitutionally ineffective assistance of counsel, which would overcome the procedural default. *See Price v. Ryan*, 2015 U.S. Dist. LEXIS 175481 (citing Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998)).

9

16cv0469

### e. Consolidating Trials

Lastly, Petitioner objects to the finding that Petitioner was not denied a right to a fair trial because Rachel O.'s and Ashley H.'s trials were tried together and not severed. (Obj. at 4-5.) Petitioner is not specific in his objection, but rather disagrees with Judge Lewis's decision. The Court agrees with the Magistrate Judge that Petitioner failed to show he suffered undue prejudice because the claims were consolidated. (R&R at 42-43.) Instead, the trial court, and the prosecution, acted properly as to not prejudice Petitioner. (*See* R&R at 41-42.) Thus, Petitioner was not denied a right to a fair trial.

In sum, having conducted a *de novo* review of the portion of the R&R that Petitioner objects to, the Court concludes the Magistrate Judge's reasoning is sound. Thus, the Court will **APPROVES AND ADOPTS** the R&R in its entirety.

## III. ADDITIONAL MOTIONS

Petitioner filed two additional related motions with supplemental documents: a motion to substitute the magistrate judge (ECF Nos. 74, 80) and motion for an evidentiary hearing (ECF Nos. 78, 82). Petitioner also filed motions for leave to file additional supplemental documents to support both of these motions. (ECF Nos. 84, 86.) The Court **GRANTS** these motions, and considers the supplemental documents.

Petitioner seeks to substitute Magistrate Judge Lewis because Petitioner accuses Magistrate Judge Lewis of being biased against him. Petitioner states that, by allegedly including false evidence (as discussed above) and rejecting Petitioner's arguments in the R&R, Judge Lewis demonstrated his bias and prejudiced Petitioner. (ECF Nos. 78, 84.) These contentions are unpersuasive and without merit, and, as stated above, the Court finds Judge Lewis's reasoning sound. Therefore, the Court **DENIES** the motion to substitute the magistrate judge. (ECF No. 74.)

Additionally, Petitioner's request for an evidentiary hearing is insufficient. *See Townsend v. Sain,* 372 U.S. 293, 313 (1963) (stating requirements for granting an evidentiary hearing for a habeas corpus petition). Petitioner essentially attempts to reargue

his petition, traverse, and objections to the R&R in his motion, as well as request a duplicative proceeding to the full and fair evidentiary proceedings held in state court. Petitioner has not shown that he is entitled to an evidentiary hearing, nor does the Court find that such a hearing is necessary. *See Stanley v. Schriro,* 598 F.3d 612, 617 (9th Cir.2010) (citing *Townsend*, 372 U.S. at 313.) Accordingly, the Court **DENIES** Petitioner's motion for an evidentiary hearing. (ECF No. 78.)

## III. CONCLUSION & ORDER

After conducting a *de novo* review of the R&R's reasoning, the Court concludes that Judge Lewis's reasoning is sound. Accordingly, the Court **OVERRULES** Petitioner's objections (ECF No. 76), **APPROVES AND ADOPTS** the R&R in its entirety (ECF No. 67), and the First Amended Petition is **DENIED** (ECF No. 29).

Additionally, the Court **GRANTS** the motions for supplement documents (ECF Nos. 84, 86), **DENIES** the motion to substitute the magistrate judge (ECF No. 74), and **DENIES** the motion for evidentiary hearing (ECF No. 78).

In addition, a certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing. Because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further,'" the Court **DECLINES** to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

**IT IS SO ORDERED.**

**DATED: March 27, 2018**

Hon. Cynthia Bashant
United States District Judge

11

16cv0469